Rockingham, }
  June, 1899. }

PAGE, *Adm'r*, v. ELDREDGE PUBLIC LIBRARY & a.

Specific devises and bequests are not liable to contribution to make up deficiencies in the assets available for the payment of general legacies, when expressly exempted therefrom by the terms of the will.

Where a will provides that the wife of the testator may select securities of a specified face value, or take the whole estate charged with the payment of debts and legacies, as she may elect, the right of election is personal to her and does not pass to her representatives.

BILL IN EQUITY, praying for the construction of the wills of Mary E. and Marcellus Eldredge. Mary E., the wife of Marcellus, was unconscious at the time of her husband's death, and died in a few hours thereafter without regaining consciousness. They left no children. Mary E. left a will, giving her whole property to Marcellus. Marcellus left a will the second clause of which reads as follows: " To my said wife, Mary E. Eldredge, I give and bequeath stocks, bonds, notes, and other securities such as she may select and choose out of and from my estate at my decease, of the par or face value of one hundred and fifty thousand dollars ($150,000), regardless of their market value. And the legacies hereinafter mentioned and given are not to be paid until this bequest to my said wife is fully satisfied and paid." By the first clause of his will he gave his wife, and by the fifth clause his brother, each a house with all its furniture. By the third, fourth, sixth, seventh, eighth, ninth, tenth, and eleventh clauses, he gave various persons legacies amounting in the aggregate to one hundred thousand dollars. In the twelfth clause he provided that if his estate, other than the houses and their contents given to his wife and brother, and the legacy given to his wife in the second clause, should not be sufficient to pay his debts and general legacies in full, then these legacies should be paid *pro rata*. By the thirteenth clause he made his wife residuary legatee, and by the fourteenth the executrix of his will. Marcellus' estate is not sufficient, after taking out the most valuable securities of which he died possessed, of the face or par value of one hundred and fifty thousand dollars, to pay his debts and general legacies in full.

*Page & Bartlett*, for the plaintiff.

*John S. H. Frink*, for the Chase Home and others.

*Dickson & Knowles* (of Massachusetts), for Susan A. Byram and others.

*Herbert A. Chapin* (of Massachusetts), for Antoinette H. Hamblin and others.

YOUNG, J. The legacy which Mary E. gave to her husband lapsed. It is a general rule that a legacy is extinguished by the death of the legatee in the lifetime of the testator, and no facts appear which make this case an exception.

The devises of real and bequests of personal estate which Marcellus made his wife and brother in the first and fifth clauses of his will are specific; and it is the general rule that a specific bequest or devise is not liable to contribute to make up deficiencies in the assets available to pay general legacies. In this case the will not only does not charge them with the payment of these legacies, but expressly exempts them from such liability.

The construction of a will is the ascertainment of the testator's intention, and this is to be gathered, not alone from the words of the particular clause under consideration, but from the language of the will as a whole, read in the light of all the surrounding circumstances. *Rice* v. *Society*, 56 N. H. 191, 204; *Kimball* v. *Lancaster*, 60 N. H. 264, 273; *Kennard* v. *Kennard*, 63 N. H. 303, 310; *Bills* v. *Putnam*, 64 N. H. 554, 561; *Kimball* v. *Society*, 65 N. H. 139, 150; *Edgerly* v. *Barker*, 66 N. H. 434, 447; *Thyng* v. *Lane*, ante, p. 403.

It is apparent from reading the whole will that Marcellus did not intend that his wife should take under the second clause if his estate was sufficient to pay all his debts and legacies in full. The effect of the second and thirteenth clauses, taken together, is to give his wife the right to elect to take either such of his securities of the face value of one hundred and fifty thousand dollars as she might select, or his whole estate charged with the payment of his debts and legacies. The only occasion for inserting the second clause was to guard against the contingency of his estate proving insufficient to give his wife as much as he desired her to have and to pay the other legacies in full. If she elected to take under the second clause, she would have to return an inventory, select such securities as she desired, and settle an account of her administration of the estate; and if she failed to do this, she would take under the thirteenth clause.

Since Mary E. was unconscious from the time of her husband's death and could not elect, the question is raised whether this right to elect is personal, or whether it descends to her representatives. This does not differ in principle from the question which would be raised if Mary E. were insane, or if she had died before electing to waive the provisions of the will and take her rights under the statute. In both cases it has been held that the right of election is personal,— in the case of an insane widow, that, while the court has power to make this election, they will

only exercise it for the widow's benefit, and not for the benefit of her estate (*Penhallow* v. *Kimball*, 61 N. H. 596) ; and in the case of a widow dying before she had elected to waive the provisions of a will and take her rights under the statute, that this right to elect is personal and does not descend to her representatives. *Sherman* v. *Newton*, 6 Gray 307.

Since this right is personal, it follows that it does not descend to the heirs-at-law of Mary E. ; so they do not take the legacy given her in the second clause of Marcellus' will, but under the thirteenth clause take the estate charged with the payment of his debts and legacies.

*Case discharged.*

All concurred.